# EXHIBIT "A"

4/28/15 2:35

| | |
|---|---|
| 1 | Douglas N. Silverstein, Esq. (SBN 181957) |
| 2 | Michael G. Jacob, Esq. (SBN 229939) |
|   | KESLUK, SILVERSTEIN & JACOB, P.C. |
| 3 | 9255 Sunset Boulevard, Suite 411 |
|   | Los Angeles, California 90069-3309 |
| 4 | Telephone: (310) 273-3180 |
|   | Facsimile: (310) 273-6137 |
| 5 | dsilverstein@californialaborlawattorney.com |
|   | mjacob@californialaborlawattorney.com |
| 6 | |
| 7 | Attorneys for Plaintiff JARROD STARNES |

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 17 2015

BY _Josephine Contreras_
JOSEPHINE CONTRERAS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

JARROD STARNES, an individual,

　　　　　Plaintiff,

　　v.

LOVE'S COUNTRY STORES OF CALIFORNIA, INC., a California Corporation; and DOES 1 through 60, inclusive,

　　　　　Defendants.

CASE NO. CIVDS1505446

PLAINTIFF'S COMPLAINT FOR DAMAGES

1. Discrimination on Account of Association;
2. Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;
3. Retaliation in Violation of FEHA;
4. Interference With Leave in Violation of CFRA/FMLA;
5. Violation of Labor Code Section 233;
6. Failure to Provide Meal and Rest Breaks;
7. Wrongful Termination in Violation of Public Policy;
8. Failure to Pay Wages;
9. Waiting Time Penalties; and
10. Failure to Provide Accurate Itemized Statements.

PUNITIVE DAMAGES

DEMAND FOR JURY TRIAL

UNLIMITED JURISDICTION

Plaintiff JARROD STARNES alleges as follows:

1. Plaintiff JARROD STARNES ("Plaintiff") is, and at all material times was, an individual residing in the County of San Bernardino, State of California.

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

2. Defendant LOVE'S COUNTRY STORES OF CALIFORNIA, INC. ("COUNTRY STORES" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, an California corporation authorized to do business in the County of San Bernardino, State of California. Defendant COUNTRY STORES operated out of 2974 Lenwood Road, Barstow, CA 92311.

3. Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4. Plaintiff is informed and believes and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

5. Plaintiff is informed and believes and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

6. Plaintiff is informed and believes and based thereon alleges, at all times herein mentioned, Defendant DOES 1 to 60, inclusive, were the agents, servants, partners, employees, alter egos and/or joint venturers of their co-Defendants, and, in doing the acts and things hereinafter alleged, were at all times acting within the course and scope of their authority as agents, servants, employees, partners and/or joint-venturers with the permission, consent and

2
PLAINTIFF'S COMPLAINT FOR DAMAGES

Iuk, Silverstein & Jacob, P.C
255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

approval, or subsequent ratification of their co-Defendants. Reference hereinafter to "Defendants" includes the named Defendant and the DOE Defendants.

7. Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendants. All conditions precedent (exhaustion of administrative remedies) to jurisdiction, have been complied with.

## GENERAL ALLEGATIONS

8. Plaintiff worked for Defendants beginning in or about March 20, 2013.

9. Plaintiff most recently earned approximately $16.55 an hour.

10. Throughout Plaintiff's employment, Defendants regularly failed to provide meal periods in which he was relieved of all duty. Defendants also failed to pay Plaintiff wages for the time he was clocked out as if he was taking a meal period, despite not being relieved of all duty.

11. Mr. Starnes' daughter suffers from cerebral palsy. Plaintiff informed Defendants, including Manager Ernest Castodio, of his daughter's disability.

12. Mr. Starnes notified the Company of his need to miss work to attend to his disabled daughter.

13. Defendants failed to provide Plaintiff with Notice of his FMLA/CFRA eligibility or rights.

14. During Plaintiff's employment, he also complained about not receiving breaks and other violations of the California Labor Code.

15. The Company, including Manager Ernest Castodio, terminated Mr. Starnes on or about April 17, 2014.

16. Defendants falsely claimed as pretext that Plaintiff failed to appear for an absence for which he had already notified the Company.

17. Defendants marked Plaintiff ineligible for rehire in further adverse employment action against him.

///

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION

## ASSOCIATION DISCRIMINATION IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-60, inclusive)

18. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

19. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from discriminating or retaliating against Plaintiff because he was associated with an individual in a protected class and/or participated in a protected activity.

20. Plaintiff's daughter suffered from disabilities, including cerebral palsy.

21. Plaintiff was terminated, at least in substantial part, because of his association with his disabled daughter.

22. Defendants, and each of them, and DOES 1-60 inclusive, terminated Plaintiff because of his association with Plaintiff's daughter among other unlawful reasons in violation of Government Code §§ 12940 *et seq.*

23. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

24. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

25. The acts and conduct of Defendants, and each of them, including but not limited to Ernest Castodio, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and

k Silverstein & Jacob, P.
55 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

each of them, with a willful and conscious disregard of the rights of Plaintiff.

26. The acts of Defendants, and each of them, including, but not limited to Ernest Castodio, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

27. Plaintiff is further entitled to attorneys' fees pursuant to Government Code § 12965(b).

## SECOND CAUSE OF ACTION

## FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA

**(Against Defendants and DOES 1-60, inclusive)**

28. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

29. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

30. Defendants and each of them, and DOES 1-60 discriminated against and retaliated against Plaintiff because of Plaintiff's disability and because Plaintiff requested reasonable accommodation and protected leave and took protected leave by wrongfully terminating Plaintiff.

31. By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of Government Code §§ 12940 et seq.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

33. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

34. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

35. The acts and conduct of Defendants, and each of them, including, but not limited to Ernest Castodio, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

36. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

37. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

///

///

///

Sluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

### (Against Defendants, and Each of Them, and DOES 1-60)

38. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

39. Defendants, and each of them, including their agents, employees and representatives, are subject to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act ("FEHA").

40. Plaintiff took part in the protected activities of requesting accommodation and taking protected leave as herein alleged.

41. In retaliation therefore, Defendants terminated Plaintiff's employment.

42. In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this State against such practices. Specifically, Defendants, and each of them, violated Sections 12940(h) and 12945 of the FEHA.

43. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

44. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

45. The acts and conduct of Defendants, and each of them, including but not limited to Ernest Castodio, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

46.  The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

47.  Plaintiff will also seek and is entitled to recover attorneys' fees in connection with this cause of action under Government Code § 12965.

## FOURTH CAUSE OF ACTION
## INTERFERENCE WITH LEAVE IN VIOLATION OF THE
## FAMILY MEDICAL LEAVE ACT AND CALIFORNIA FAMILY RIGHTS ACT
(Against All Defendants and DOES 1-60, inclusive)

48.  As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

49.  Plaintiff was an employee of Defendants who qualified for leave due to his daughter's serious health condition pursuant to California Government Code §§ 12945.2, *et seq.*

50.  At all times herein mentioned, Defendants were "Employer[s]" within the definition of Government Code § 12945.2, in that Defendants regularly employed 50 or more people.

51.  Plaintiff needed time off to seek care for the serious health condition of his daughter and Plaintiff was qualified for protected leave under California Family Rights Act/Family Medical Leave Act.

///

luk Silverstein & Jacob, P.C
255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8.
PLAINTIFF'S COMPLAINT FOR DAMAGES

52. Defendants, and each of them, and DOES 1 to 60, inclusive, interfered with Plaintiff's protected leave and terminated Plaintiff's employment in retaliation for requesting protected leave.

53. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

54. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

55. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

56. The acts and conduct of Defendants, and each of them, including, but not limited to, Ernest Castodio, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

57. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

58. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

///
///
///

## FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 233

### (Against All Defendants and DOES 1-60, inclusive)

59. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

60. Labor Code § 233 provides, "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement...to attend to an illness of a parent." This section further provides, "no employer shall deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness of a parent."

61. At the time Plaintiff requested leave to attend to the serious health condition of his daughter, Plaintiff had available sick/vacation time.

62. Defendant discharged Plaintiff in violation of Labor Code § 233.

63. Plaintiff is entitled to reinstatement and actual damages, and to appropriate equitable relief, plus attorneys' fees pursuant to Labor Code § 233(e).

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST PERIODS

### Cal. Labor Code § 226.7

### (Against Defendants and DOES 1-60, inclusive)

64. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

///

10
PLAINTIFF'S COMPLAINT FOR DAMAGES

65. California law, as set forth in Labor Code § 226.7, states that an employer must provide meal and rest periods in accordance with the applicable IWC Wage Order of the Industrial Welfare Commission. The applicable IWC Wage Order provides that:

"11. MEAL PERIODS:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

"12. REST PERIODS:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

66. Defendants regularly employed Plaintiff for periods of more than five (5) hours without providing a meal period of not less than 30 minutes, and Defendants interfered with and regularly failed to authorize, permit and provide Plaintiff with the meal and rest periods required by law as stated above.

67. Defendants impeded, discouraged and dissuaded Plaintiff from taking said meal and rest breaks. Therefore, Plaintiff is entitled to be paid as stated in subdivision (B) of section 11

above and subdivision (B) of section 12 above.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION VIOLATION OF PUBLIC POLICY

### (Against Defendants and DOES 1-60, inclusive)

68. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

69. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on association and/or based upon exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12940 *et seq.*, and the laws and regulations promulgated thereunder.

70. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12945.2, was to prohibit employers from discriminating and retaliating against any individual based on their taking or requesting leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

71. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and terminating Plaintiff's employment on the grounds stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and

12

PLAINTIFF'S COMPLAINT FOR DAMAGES

violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§ 12945.2, *et seq.*, and the laws and regulations promulgated there under.

72. Defendant's discharge of Plaintiff violated Labor Code §§ 233, 1102.5 *et seq*, the Fair Employment & Housing Act, the California Family Rights Act and the fundamental principles of public policy embodied therein.

73. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

74. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

75. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

76. The acts and conduct of Defendants, and each of them, including, but not limited to, Ernest Castodio, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

77. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

///

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY WAGES PURSUANT TO LABOR CODE §§ 1194, 1197

(Against Defendants and DOES 1-60, inclusive)

78. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

79. It is unlawful under California law for an employer to suffer or permit an employee to work without paying wages for all hours worked, including minimum wage, as well as overtime wages for work in excess of eight (8) hour workdays and/or forty (40) hour workweeks.

80. Plaintiff was not properly compensated for all hours that he worked or paid overtime in excess of eight (8) hours per weekday and/or forty (40) hours per week. Defendants also failed to pay double time when Plaintiff worked more than twelve (12) hours.

81. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, and Defendants have violated the California Labor Code.

82. Plaintiff seeks damages in the amount of the respective unpaid wages, including overtime compensation, plus penalties, as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and such other legal and equitable relief as the Court deems just and proper.

## NINTH CAUSE OF ACTION

## WAITING TIME CONTINUATION PURSUANT TO LABOR CODE §§ 201-203

(Against Defendants and DOES 1-60, inclusive)

83. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this

duk, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14

PLAINTIFF'S COMPLAINT FOR DAMAGES

cause of action.

84. A California employer must compensate an employee all wages owed at the time of termination or not later than 72 hours after an employee's resignation.

85. Defendants failed to pay Plaintiff all compensation he was owed at the time of his termination.

86. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

87. Plaintiff is entitled to penalties under Labor Code §§ 201-203 equal to Plaintiff's 30-day wages.

## TENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS PURSUANT TO LABOR CODE § 226

(Against all Defendants and DOES 1 to 60, inclusive)

88. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

89. Defendants intentionally failed to furnish to Plaintiff upon each payment of wages, accurate itemized statements of actual total hours worked, as well as the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Moreover, Defendants failed to furnish to Plaintiff itemized statements indicating whether Plaintiff received compensation for the meal and rest periods that Defendants failed to provide.

90. Plaintiff was damaged by these failures because, among other things, the failures led him to believe that he was not entitled to be paid for all hours worked, although he was so entitled, and because the failures hindered him from determining the amounts owed. Plaintiff is entitled to the amounts provided for in Labor Code § 226(e).

PLAINTIFF'S COMPLAINT FOR DAMAGES

91.     Plaintiff is entitled to seek penalties for injuries under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period not to exceed four thousand dollars ($4,000). Plaintiff is also entitled to seek penalties under Labor Code § 226.3, providing a civil penalty in the amount of two hundred and fifty dollars ($250) per initial violation and one thousand dollars ($1,000) per subsequent citation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and special damages according to proof;
2. Costs of suit incurred herein;
3. Reasonable attorneys' fees pursuant to all applicable statutes, including but not limited to the Labor Code and Government Code § 12965;
4. Punitive and exemplary damages;
5. A declaratory judgment that the practices complained of herein are unlawful under California law and injunctive relief, and requiring training of managers in accordance with California law;
6. Pre-judgment and post-judgment interest as provided by law; and
7. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

DATED: April 15, 2015            KESLUK, SILVERSTEIN & JACOB, P.C.

By _____
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff JARROD STARNES

16
PLAINTIFF'S COMPLAINT FOR DAMAGES

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: April 15, 2015     KESLUK, SILVERSTEIN & JACOB, P.C.

By _____
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff JARROD STARNES

Kesluk, Silverstein & Jacob, P.C.
155 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

17

PLAINTIFF'S COMPLAINT FOR DAMAGES